UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
SHELLI CALDWELL,                    )
                                    )
                    Plaintiff,      )   No. C09-1332RSL
       v.                           )
                                    )   ORDER COMPELLING
KENNETH BROWN, *et al.*,            )   DISCOVERY RESPONSES
                                    )
                    Defendants.     )
_____)

This matter comes before the Court on the "CR 37 Joint Submission Regarding Plaintiffs' Discovery Requests of Defendant Kingsley." Dkt. # 54. Plaintiff, the maternal grandmother of Z.A., has asserted constitutional and emotional distress claims against Jean Kingsley, an attorney, for the way in which she obtained and executed an *ex parte* temporary custody order regarding Z.A. Kingsley has raised good faith and immunity defenses, thereby placing at issue the extent of her investigation and her state of mind at the time she petitioned the court for custody on behalf of her clients. Having reviewed the memorandum submitted by the parties, the Court finds as follows:

● **Interrogatories No. 1, 2, 3, and 4**

Plaintiff seeks the identity of all persons interviewed or contacted by Kingsley before she obtained and executed the temporary custody order, on the date of execution, and after execution if the interview concerned Z.A., plaintiff, the custody order, or this lawsuit.

Defendant argues that this information is protected by the work product doctrine.[1] That protection applies only to "documents and tangible things." Fed. R. Civ. P. 26(b)(3). "Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within the work product." Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995).

- **Requests for Production No. 1, 2, and 4**

Plaintiff seeks all documents which refer to or contain information about the interviews that are the subject of Interrogatories No. 1, 2, and 3. Defendant argues that these documents are protected by the work product doctrine. Pursuant to Fed. R. Civ. P. 26(b)(3)(A):

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) . . . [unless the materials] are otherwise discoverable under Rule 26(b)(1) . . . and . . . the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

"The primary purpose of the work product rule is to 'prevent exploitation of a party's efforts in preparing for litigation.'" Holmgren v. State Farm Mut. Auto Ins. Co., 976 F.2d 573, 576 (9th Cir. 1992) (quoting Admiral Ins. Co. v. U.S. Dist. Court, 881 F.2d 1486, 1494 (9th Cir. 1989)). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." U.S. v. Fort, 472 F.3d 11-6, 1116 (9th Cir. 2007) (quoting U.S. v. Nobles, 422 U.S. 225, 238-39 (1975)).

Documents generated in the course of interviewing city employees regarding this lawsuit (see Interrogatory No. 4) are protected by the work product doctrine and need not be produced.

To the extent plaintiff is seeking documents generated in the course of obtaining

---

[1] In response to certain interrogatories, such as Interrogatory No. 4, defendant states that she "responded to this request while noting her objections . . . ." Dkt. # 54 at 16. If there is no additional responsive information, defendant shall make a specific statement to that effect.

ORDER COMPELLING DISCOVERY RESPONSES        -2-

and executing the temporary custody order, plaintiff is not seeking documents prepared in anticipation of this litigation as contemplated by Rule 26(b)(3)(A). The requested documents were generated as part of a custody dispute between plaintiff and Z.A.'s paternal grandmother and uncle, Lila Allen and Vince Allen. Defendant Kingsley represented the Allens in that dispute and is being sued here because of actions she took (or did not take) in the prior litigation. Disclosure of the requested documents cannot interfere with Kingsley's now-completed representation of the Allens, nor would it uncover counsel's strategy in defending this § 1983 action.

Relying on FTC v. Grolier, Inc., 462 U.S. 19, 25 (1983), defendant argues that the documents prepared in anticipation of the custody litigation continue to be exempt from disclosure because Kingsley was involved in both disputes. Unlike the situation in Grolier, however, Kingsley was not a party in both disputes: her role has changed from that of "a party's representative" to "a party." Rule 26(b) does not specifically address this situation, but the general rule is that documents prepared for one who is not a party to the present suit do not fall within the protections of the work product doctrine. See Loustalet v. Refco, Inc., 154 F.R.D. 243, 247 (9th Cir. 1993). Because the requested documents were created by Kingsley for the benefit of persons who are not involved in this litigation,[2] the work product doctrine should not apply. This conclusion is bolstered by the fact that the disclosure of the requested documents would not jeopardize any of the interests the work product doctrine was designed to protect.

Plaintiff acknowledges that Kingsley's notes regarding her discussions with her clients in the prior proceeding are covered by the attorney-client privilege. Dkt. # 54 at 12. All other documents related to the interviews Kingsley conducted while seeking temporary custody of Z.A. shall be produced, along with a privilege log for any documents withheld under a claim of attorney-client privilege.

- **Request for Production No. 3**

Plaintiff seeks all documents that relate to Kingsley's representation of Z.A.'s paternal grandmother and uncle. To the extent defendant's objection is based on the work

---

[2] If Lila or Vince Allen were a defendant in this litigation, the zone of privacy established in the prior action would extend to this matter, as occurred in Grolier. That is not the case, however.

ORDER COMPELLING DISCOVERY RESPONSES        -3-

product doctrine, it fails for the reasons discussed above. At least some of the requested documents will contain privileged attorney-client communications, however, and need not be produced. If any responsive documents are withheld based on an assertion of the attorney-client privilege, defendant shall produce a privilege log that provides enough detail for the Court and plaintiff to ascertain whether the privilege actually applies to each document or portion thereof.

- **Request for Production No. 5**

Plaintiff seeks all documents that contain information about Kingsley's contacts with the City of Bellingham or the Police Department after August 6, 2008, regarding the execution of the custody order, Z.A., plaintiff, or this lawsuit. To the extent defendant objects to the production of documents created in anticipation of the custody dispute, the objection is overruled for the reasons discussed above. At least some of the requested documents may have been created in anticipation of this litigation, however, and could properly be withheld under the work product doctrine.

- **Interrogatories No. 5 and 6**

Plaintiff seeks information regarding Kingsley's experience in non-parental custody petitions prior to August 6, 2008. This information may be relevant to defendant's good faith defense.

- **Request for Production No. 6**

Plaintiff seeks all documents that relate to the complaint filed by plaintiff against Kingsley with the Washington State Bar Association. To the extent documents responsive to this request were created in anticipation of the custody dispute, the fact that they were presented to the Bar Association does not shield them from discovery. At least some of the requested documents may have been created in anticipation of the Bar Association proceeding to which Kingsley was a party, however. Such documents could properly be withheld under the work product doctrine.

- **Interrogatory No. 8**

Plaintiff seeks the identification of all persons from whom defendant has obtained a statement. This request is not limited as to time or subject. To the extent defendant objects based on the work product doctrine, the doctrine is inapplicable because the requested

ORDER COMPELLING DISCOVERY RESPONSES        -4-

information is not a document or tangible thing.  Defendant's overbreadth objection is well-taken, however.  Only the identity of persons who provided a statement related to the custody dispute and/or this litigation need be revealed.

- **Requests for Production No. 7, 8, 9, and 10**

Plaintiff seeks all documents that were created, received, or maintained by Kingsley after August 5, 2008, that relate to plaintiff, Z.A., Kenneth Brown, Steve Felmley, or the incident.   To the extent responsive documents include documents created in anticipation of the custody dispute, defendant's objection is overruled for the reasons discussed above.  At least some of the requested documents may have been created in anticipation of this litigation, however, and could properly be withheld under the work product doctrine.  In addition, some of the requested documents will likely contain privileged attorney-client communications that need not be produced.  If any responsive documents are withheld based on an assertion of the attorney-client privilege, defendant shall produce a privilege log that provides enough detail for the Court and plaintiff to ascertain whether the privilege actually applies to each document or portion thereof.

For all of the foregoing reasons, defendant is hereby ORDERED to supplement her responses to plaintiff's First Set of Interrogatories and Requests for Production as set forth above.

Dated this 3rd day of May, 2010.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge