UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELLI CALDWELL,<br><br>               Plaintiff,<br><br>    v.<br><br>KENNETH BROWN, *et al.*,<br><br>               Defendants. | No. C09-1332RSL<br><br>ORDER GRANTING KINGSLEY'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendant Kingsley's FRCP 12(b)(6) Motion and/or Motion for Summary Judgment." Dkt. # 50. Defendant Jean Kingsley seeks dismissal of all of the claims asserted against her and her husband. Having reviewed the timely memoranda, declarations, and exhibits submitted by the parties and having heard the arguments of counsel,[1] the Court finds as follows:

**A. DUE PROCESS CLAIMS**

For the reasons set forth in the Court's Order Granting City Defendants' Motion for Summary Judgment, of even date, the relationship between plaintiffs Shelli Caldwell and her grandson, ZA, as of August 6, 2008, was not that of *de facto* parent under Washington law and

---

[1] Because matters outside the pleadings were presented by the parties, the motion will be treated as one for summary judgment under Fed. R. Civ. P. 56. The Court has not considered the reply memorandum submitted by defendant Kingsley on June 17, 2010, or the sur-reply submitted by plaintiffs on June 23, 2010. Both documents were untimely filed.

ORDER GRANTING KINGSLEY'S
MOTION FOR SUMMARY JUDGMENT

was not entitled to protection under the Due Process Clause.  Defendant Kingsley's role in transferring custody of ZA from Ms. Caldwell to his paternal grandmother did not, therefore, interfere with a liberty interest protected by the United States Constitution.

**B. UNLAWFUL SEIZURE CLAIMS**

Plaintiffs allege that defendant Kingsley is liable for unlawful arrest or seizure because she acted in concert with the police officers who arrested Ms. Caldwell and seized ZA. As discussed in the Order Granting City Defendants' Motion for Summary Judgment, plaintiffs have not shown that taking control of ZA in order to effectuate a valid court order was unlawful or otherwise violated ZA's Fourth Amendment rights.  Nor have plaintiffs raised a genuine issue of fact regarding the existence of probable cause to arrest Ms. Caldwell.  Thus, even if the Court assumes that defendant Kingsley acted in concert with the defendant officers, their joint action did not violate plaintiffs' Fourth Amendment rights.

Plaintiffs also argue that the manner in which defendants seized custody of ZA – "at his mother's funeral" – violated ZA's civil rights.  Response at 10.  To determine the constitutionality of a seizure, courts must balance the nature and quality of the intrusion against the importance of the governmental interest served.  Tennessee v. Garner, 471 U.S. 1, 8 (1985). The balancing exercise requires consideration of the particular facts presented:  abstract discussions of the importance of a governmental interest or the nature of the intrusion will not suffice.  The Supreme Court has held that subjecting a suspect to surgery under general anesthesia to obtain evidence is unreasonable (Winston v. Lee, 470 U.S. 753 (1985)), whereas taking fingernail scrapings for the same purpose is reasonable (Cupp v. Murphy, 412 U.S. 291 (1973)).  An unannounced entry into a home is reasonable to prevent the destruction of evidence (Ker v. California, 374 U.S. 23 (1963)), but not to conduct a search for illegal narcotics (Jacobs v. City of Chicago, 215 F.3d 758, 770 (7th Cir. 2000)).  Plaintiffs make no effort to identify, much less balance, the competing interests in this case.  The Court has already found that the seizure of ZA incident to a transfer of custody pursuant to court order was reasonable under the

ORDER GRANTING KINGSLEY'S
MOTION FOR SUMMARY JUDGMENT                -2-

Fourth Amendment. The fact that this seizure occurred at or immediately after his mother's funeral, while unfortunate, was not unreasonable given the circumstances. The officers believed that ZA was being hidden from his paternal grandmother. His anticipated presence at his mother's funeral provided an opportunity to serve the custody order. Defendants allowed ZA to attend the funeral unmolested: it was only after the service was completed that defendant Kingsley served the custody order. In addition, the seizure was of short duration and consisted primarily of Officer Felmey catching ZA as he ran and delivering him to his paternal grandmother. Given the governmental interest in executing court orders (especially when those orders concern child welfare issues), the timing and manner in which ZA was seized were not unreasonable.

**C. RCW 4.24.510**

Defendant argues that she is immune from civil liability for all claims arising from her communications with the Bellingham Police Department under RCW 4.24.510. State law may not, however, immunize government conduct that is otherwise subject to 42 U.S.C. § 1983. See, e.g., Felder v. Casey, 487 U.S. 131, 139 (1988). Defendant's request for fees and expenses under RCW 4.24.510 is denied.

For all of the foregoing reasons, plaintiffs' claims against defendant Kingsley and her husband are DISMISSED.

Dated this 3rd day of September, 2010.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING KINGSLEY'S
MOTION FOR SUMMARY JUDGMENT            -3-